■ In the Matter of 2132-38 Wallace Avenue Corp. et al., Petitioners, v Kumiki Gibson, as Commissioner of the New York State Division of Human Rights, et al., Respondents. [876 NYS2d 33]—

Determination of respondent Commissioner of the New York State Division of Human Rights (DHR), dated July 11, 2007, brought up for review in a proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, Bronx County [Alexander W. Hunter, Jr., J.], entered December 27, 2007), which, after a hearing, found that petitioners had discriminated against respondent Dominick DiNapoli on the basis of disability and awarded DiNapoli $10,000 in compensatory damages and $10,000 in punitive damages, unanimously modified, on the facts, the petition granted to the extent of reducing the award of compensatory damages to $2,500 and vacating the award of punitive damages, and otherwise confirmed, without costs.

The Commissioner's findings that DiNapoli was disabled within the meaning of the Human Rights Law (Executive Law § 292 [21]) and that petitioners (DiNapoli's landlord and its managing agent) failed to provide reasonable accommodations requested by him to facilitate his access to his apartment are "supported by sufficient evidence on the record considered as a whole" and are therefore "conclusive" (Executive Law § 298; see City of Schenectady v State Div. of Human Rights, 37 NY2d 421, 424 [1975]) insofar as petitioners failed to explain their almost year-long delay in providing DiNapoli, at his reasonable request, with keys to the building's rear entrance, which does not have steps and is closer than the front entrance to available parking spaces. The evidence does not support a finding that petitioners otherwise failed to provide reasonable accommodations.

The award of compensatory damages, reduced as indicated, is supported by DiNapoli's testimony as to the anxiety and distress he was caused by petitioners' failure to accommodate, which continued for more than a year (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207 [1991]). We find that the record does not support an award of punitive damages. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.